85 F.3d 639
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nicolasa DE VALENZUELA SANCHEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70681.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided May 2, 1996.
 
 1
 Before: SCHROEDER and LEAVY, Circuit Judges and TRIMBLE**, District Judge.
 
 
 2
 MEMORANDA***
 
 BACKGROUND
 
 3
 In 1968, Mrs. Valenzuela entered this country. In 1971, she was granted lawful permanent resident status. In 1978, she was convicted of possession of heroin with intent to distribute and conspiracy to do the same. In 1989, the INS sought to deport Mrs. Valenzuela as an alien convicted of controlled substance violations. Mrs. Valenzuela admitted that she was deportable because of the violations, but sought discretionary relief in the form of a waiver of deportability under 8 U.S.C. § 1182(c), Immigration and Naturalization Act (INA) § 212(c).
 
 
 4
 The immigration judge (IJ) found Mrs. Valenzuela deportable as charged and found that she was ineligible for discretionary relief under INA § 212(c) because she had abandoned her lawful permanent resident status. The Board of Immigration Appeals (BIA) agreed and dismissed Mrs. Valenzuela's appeal. She now petitions this court for review, arguing that she never abandoned her lawful permanent resident status.
 
 DISCUSSION
 
 5
 The IJ and the BIA determined that Mrs. Valenzuela had abandoned her lawful permanent resident status because the evidence demonstrated that she and her four children moved to Guadalajara, Mexico in 1978 and did not resettle in the U.S. until 1985. An alien does not abandon her lawful permanent resident status, however, simply by leaving the U.S., so long as the trip is characterized as a "temporary visit abroad." 8 U.S.C. § 1101(a)(27)(A). A trip can qualify as a "temporary visit abroad"
 
 
 6
 only when (a) the permanent resident's visit is for 'a period relatively short, fixed by some early event,' or (b) the permanent resident's visit will terminate upon the occurrence of an event having a reasonable possibility of occurring within a relatively short period of time.
 
 
 7
 (footnotes omitted). Chavez-Ramirez v. INS, 792 F.2d 932, 936-37 (9th Cir.1986).
 
 
 8
 Mrs. Valenzuela argued that her stay in Mexico was contingent upon her children reaching school age and her being able to find work in the U.S. to support them. The record reveals that it took five years for Mrs. Valenzuela's children to reach school age and another two years thereafter before she felt she could find work in the U.S. and moved back.
 
 
 9
 Thus, Mrs. Valenzuela's visit was neither (a) for a period relatively short nor (b) terminated on the occurrence of an event having a reasonable possibility of occurring within a relatively short period of time.
 
 
 10
 REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3